[No. C051245. Third Dist. Jan. 31, 2007.]

OVERAA CONSTRUCTION, Plaintiff and Appellant, v.
CALIFORNIA OCCUPATIONAL SAFETY AND HEALTH APPEALS
BOARD, Defendant and Respondent;
DEPARTMENT OF INDUSTRIAL RELATIONS, DIVISION OF
OCCUPATIONAL SAFETY AND HEALTH, Real Party in Interest and
Respondent.

**COUNSEL**

Law Office of Robert D. Peterson and Robert D. Peterson for Plaintiff and Appellant.

Stanton, Kay & Watson and Lawrence H. Kay for Construction Employers Association as Amicus Curiae on behalf of Plaintiff and Appellant.

The Walter Law Firm, Fred Walter and Lisa Prince for Associated General Contractors of California as Amicus Curiae on behalf of Plaintiff and Appellant.

Douglas G. Nareau, J. Jeffrey Mojcher and James A. Madden, Jr., for Defendant and Respondent.

Michael D. Mason and Amy D. Martin for Real Party in Interest and Respondent.

WorkSafe Law Center, Frances Schreiberg and Daniel Goldstein for Asian Law Caucus, Centro Legal de la Raza, La Raza Centro Legal and the Legal Aid Society-Employment Law Center as Amici Curiae on behalf of Defendant and Respondent and on behalf of Real Party in Interest and Respondent.

## OPINION

**SIMS, Acting P. J.**—In this case involving the California Occupational Safety and Health Act of 1973 (Lab. Code, § 6300 et seq. (Cal/OSHA); Cal. Code Regs., tit. 8, § 330 et seq.,[1] appellant Overaa Construction (also known as C. Overaa & Co.)[2] appeals from the trial court's denial of a petition for writ of administrative mandamus (Code Civ. Proc., § 1094.5), in which Overaa sought annulment of an administrative decision penalizing Overaa, as "controlling employer" at a multiemployer construction site (§ 6400; tit. 8, § 336.10), for a violation of a Cal/OSHA safety regulation requiring a protective system for excavations deeper than five feet.

Respondents on appeal are (1) the California Occupational Safety and Health Appeals Board (the Board), which issued the challenged "decision after reconsideration," and (2) the Department of Industrial Relations, Division of Occupational Safety and Health (the Division), which cited Overaa for the Cal/OSHA violation.[3]

Overaa contends the Board improperly concluded it was immaterial whether Overaa acted with reasonable diligence. Overaa contends Cal/OSHA requires only the exercise of reasonable diligence by general contractors for hazards created by subcontractors, and allowing the regulatory violation to stand would impose a strict liability standard upon a general contractor.

We shall conclude that Overaa fails to show grounds for reversal because (1) the Board properly held that the Division did not bear the burden of proving, as an element of a prima facie case of a "general violation," that the employer knew, or in exercising reasonable diligence should have known, of

---

[1] Undesignated section references are to the Labor Code. Undesignated title references are to the California Code of Regulations.

[2] Appellant filed its administrative appeal as C. Overaa & Co., but filed its petition in the trial court as Overaa Construction. We shall refer to appellant as Overaa.

[3] We allowed the filing of amicus curiae briefs by Associated General Contractors of California and by Construction Employers Association (both in support of Overaa) and a joint brief by Asian Law Caucus, Centro Legal de la Raza, La Raza Centro Legal, and the Legal Aid Society—Employment Law Center (in support of the Appeals Board and Division).

the violation; (2) the Board was not called upon to decide whether reasonable diligence could be raised as an affirmative defense to a general violation, because Overaa did not tender it (despite incentive and opportunity to do so in response to being cited for a "serious violation"); and (3) the record demonstrates a lack of reasonable diligence by Overaa.[4]

Accordingly, we shall affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Overaa entered a public works contract with Dublin San Ramon Services District to make improvements to a wastewater treatment plant. Overaa subcontracted the electrical work to Cra-Tek.

Overaa's contract with Dublin San Ramon Services District contained provisions making Overaa responsible for all work safety at the site, including work by subcontractors, and specifically for excavation safety.[5] Overaa designated its superintendent, Robert Burke, as the "competent person" (tit. 8, § 1504, subd. (a))[6] to supervise work safety.

After an inspection on February 13, 2001, Division inspector Clifton Cooper issued to Overaa a "Citation and Notification of Penalty," alleging a serious violation of title 8, section 1541.1, which provides in part: "Protection of employees in excavations. [¶] (1) Each employee in an excavation shall be protected from cave-ins by an adequate protective system designed in accordance with Section 1541.1(b) or (c) except when: [¶] (A) Excavations are

---

[4] As we discuss *post*, section 6432 expressly makes reasonable diligence an affirmative defense to a "serious violation," but there is no similar provision for "general violations." Here, the Division cited Overaa for a serious violation. Thus, Overaa had incentive and opportunity to assert reasonable diligence as a defense, but instead merely asserted it did not know of the violation. The administrative law judge (ALJ) found a violation but reduced it to a "general" violation for lack of evidence of substantial probability of serious physical harm or death in the event of an accident.

[5] Indeed, the contract expressly stated that employees of subcontractors would be considered employees of Overaa.

The excerpts of the contract contained in the administrative record do not include signature pages or anything identifying Overaa as the contractor. However, at the administrative hearing, Overaa's attorney stipulated to the contract.

[6] A "competent person" is "[o]ne who is capable of identifying existing and predictable hazards in the surroundings or working conditions which are unsanitary, hazardous, or dangerous to employees, and who has authorization to take prompt corrective measures to eliminate them." (Tit. 8, § 1504, subd. (a).)

made entirely in stable rock; or [¶] (B) Excavations are less than 5 feet in depth and examination of the ground by a competent person provides no indication of a potential cave-in." (Tit. 8, § 1541.1, subd. (a)(1).)

The Division cited Overaa for the violation pursuant to title 8, section 336.10[7] (§ 6400),[8] which authorizes citation against a "controlling employer" who is responsible by contract or actual practice for safety on the worksite. The Division characterized the violation as "serious" (§ 6432)[9] and sought a civil penalty of $2,475.

The citation and notification of penalty stated: "The controlling employer failed to exercise the authority needed to protect workers from possible cave-in while they were working in an excavation at Building D, located at Dublin San Ramon Wastewater Treatment Plant, [address]. The employees were observed working at a depth of 5′-6″ outside and a depth measured at

---

[7] Title 8, section 336.10 provides: "On multi-employer worksites, both construction and non-construction, citations may be issued only to the following categories of employers when the Division has evidence that an employee was exposed to a hazard in violation of any requirement enforceable by the Division:

"(a) The employer whose employees were exposed to the hazard (the exposing employer);

"(b) The employer who actually created the hazard (the creating employer);

"(c) The employer who was responsible, by contract or through actual practice, for safety and health conditions on the worksite; i.e., the employer who had the authority for ensuring that the hazardous condition is corrected (the controlling employer); or

"(d) The employer who had the responsibility for actually correcting the hazard (the correcting employer)." (Tit. 8, § 336.10.)

[8] Section 6400, subdivision (b), (enacted after the regulation) repeats almost word for word the content of title 8, section 336.10 (fn. 7, *ante*). Section 6400, subdivisions (b) and (c), add: "The employers listed [including controlling employer] may be cited regardless of whether their own employees were exposed to the hazard. [¶] (c) It is the intent of the Legislature, in adding subdivision (b) to this section, to codify existing regulations with respect to the responsibility of employers at multiemployer worksites. Subdivision (b) of this section is declaratory of existing law and shall not be construed or interpreted as creating a new law or as modifying or changing an existing law." (§ 6400, subds. (b), (c).)

[9] Section 6432 states: "As used in this part, a 'serious violation' shall be deemed to exist in a place of employment if there is a substantial probability that death or serious physical harm could result from a violation, including, but not limited to, circumstances where there is a substantial probability that either of the following could result in death or great bodily injury: [¶] (1) A serious exposure exceeding an established permissible exposure limit. [¶] (2) The existence of one or more practices, means, methods, operations, or processes which have been adopted or are in use, in the place of employment.

"(b) Notwithstanding subdivision (a), a serious violation shall not be deemed to exist if the employer can demonstrate that it did not, and could not with the exercise of reasonable diligence, know of the presence of the violation.

"(c) As used in this section, 'substantial probability' refers not to the probability that an accident or exposure will occur as a result of the violation, but rather to the probability that death or serious physical harm will result assuming an accident or exposure occurs as a result of the violation." (§ 6432, subds. (a)–(c).)

6-feet inside, without any type of protective system.[10] The controlling employer knew of the unprotected excavation for more than a week and took no action to direct the creating/correcting employer to provide a protective system for its exposed employees."

Overaa protested the citation by filing an "appeal," which stated as specific grounds for the appeal that (1) the safety order was not violated, and (2) the "serious" classification was incorrect. Where the appeal form stated, "Explain any other reasons for appeal or issues to be raised on appeal. Affirmative defenses must be specifically stated," Overaa responded, "General Contractor [Overaa] was not aware of the unprotected excavation."[11]

At the hearing before the ALJ, inspector Cooper testified he arrived for the inspection around 9:30 a.m. and observed a Cra-Tek employee working in the trench. Cooper measured the distance from the top of the concrete surface slab to the deepest part of the trench (several feet behind the worker) at five feet six inches. The soil was in poor condition because it rained for several days before the inspection. There was no protection against a cave-in.

Cooper testified to his opinion that Overaa should be cited as controlling employer "[b]ecause they didn't exercise control and due diligence really in having the subcontractor protect its employees by, you know, putting in a protective (inaudible)." Cooper added that Overaa had the responsibility to oversee the excavation and authority to direct subcontractors on safety matters, by contract and by actual practice, and a competent person would have checked the excavation daily, particularly because of the rainy weather.

Burke testified he was responsible for safety on the worksite, including work done by subcontractors, and would direct subcontractors to correct safety hazards. He was aware of the trench and checked it daily and believed it was less than five feet deep, but he did not check it on February 13, 2001, before the inspector arrived. Burke (and Cra-Tek foreman, Shayne Holderby) claimed the inspector did not actually measure the depth of the trench (the ALJ disbelieved Burke and Holderby on this point), and Burke further testified as follows:

"Q. Do you know what the depth of the trench is in the area where this individual is standing in Exhibit Number 2 [a photograph taken by the inspector]?

---

[10] At the time of the inspection, only one worker (a Cra-Tek employee) was working in the outdoor trench. The ALJ determined there was no violation inside the building, because no employees were exposed to the hazard. The indoor trench is not at issue in this appeal.

[11] Although section 6432 (fn. 9, *ante*) makes an employer's reasonable diligence an affirmative defense to a "serious violation," Overaa did not assert that it exercised reasonable diligence.

"A. Not exactly in feet and inches, it's less than the five feet.

"Q. How do you know that?

"A. Well, I was out there prior to him being in there, prior to that day, at that time it wasn't over five foot [*sic*],—

"Q. All right. So—go ahead

"A.—and making an observation of the man standing in there, and where his shoulder height is and relation to the concrete edge, it wouldn't be over five foot [*sic*].[12]

"Q. All right. So is it your testimony that as best you can recall, prior to February 13th, you were aware of this trench or the area of this trench that's depicted in Exhibit 2?

"A. Yes sir.

"Q. And prior to February 13th, you had drawn some conclusion regarding its depth?

"A. Oh, yes.

"Q. And that was what?

"A. Less than the five foot [*sic*]."

Burke believed shoring was not required because the excavation was less than five feet deep.

Holderby testified he measured the depth as less than five feet. However, he did not include the thickness of the concrete surface slab.

In a written decision in August 2002, the ALJ rejected Overaa's appeal. The ALJ expressly found Cooper's testimony more credible than that of Burke and Holderby regarding Cooper's actions. The ALJ also noted Board precedent (*In re Dalton Construction Co.* (Feb. 21, 1986) No. 83-R1D5-717, 1986 Cal. OSHA App. Bd. Lexis 34) required depth to be measured from the top of the surface slab. However, the ALJ reduced the classification of Overaa's violation from "serious" to "general," because the Division failed to

---

[12] The ALJ said Burke did not explain how he determined the depth. It appears from Burke's testimony that he merely eyeballed it based on seeing an employee inside the trench.

prove a substantial probability of serious physical harm or death. The ALJ assessed a civil penalty of $205.[13]

Overaa filed with the Board a petition for reconsideration, arguing Overaa was not aware of the violation, did not create or subject its own employees to the hazard, was required as controlling employer merely to act reasonably, had acted reasonably by continuously evaluating Cra-Tek's operations and ensuring that Cra-Tek conducted daily inspections of the trench. Overaa also argued the trench was less than five feet deep.

On April 1, 2004, the Board issued a decision after reconsideration, affirming the ALJ's decision. The Board decision stated in part:

"Employer maintains that the Division incorrectly cited Employer under section 336.10 [footnote 7, *ante*] because Employer's management representative did not have *knowledge* of the violation. Employer's position is that a controlling employer can only be held liable for violations it did not create where it is demonstrated by substantial evidence 'that a management representative of the general contractor had knowledge that an employee was exposed to a hazard in violation of any requirement enforceable by the Division.'

"By its terms, the applicability of section 336.10 is not conditioned upon a controlling employer's knowledge of the violative condition.[14]

"Employer next urges through[]out its petition that section 336.10 be . . . 'reasonably' interpreted and applied to require a showing that a controlling employer can only be liable if it failed to exercise due diligence in discovering the violative condition. Employer contends that federal law places the burden on the Division to demonstrate that the employer's failure to discover the violative condition was due to a lack of due diligence.

"Although federal courts may require proof of due diligence in discovering the violative condition, California is entitled to promulgate and interpret its own law. Federal law does not preempt a state right to exercise its own sovereign powers over occupational safety and health provided that the state

---

[13] Although the amount at issue is small, this violation could be a factor in assessing civil penalties in the event of future violations. (Tit. 8, § 335, subd. (d) [history of previous violations is a factor to be considered in assessing civil penalties].)

[14] In a footnote, the Appeals Board said, "The ALJ reduced the classification of the violation from 'serious' to 'general' on the grounds that the Division failed to show a substantial probability of serious injury or death. In California, lack of knowledge of a violative condition is a defense to a *serious* violation under Labor Code section 6432[,] not a defense for *general* violations."

law is more stringent. The Appeals Board is not persuaded that the federal authority sufficiently [*sic*] cited by Employer addresses the purposes of the California Act.

"The Board also rejects Employer's suggestion that section 336.10 must be interpreted as including a 'reasonableness' standard to ensure that strict or absolute liability is not imposed upon the controlling employer.[15] A modification of the express substantive terms of the established regulation is not within the Board's authority.

"The Board has strictly construed section 336.10(c) in the past. The plain reading of section 336.10(c) compels an interpretation that an employer who has responsibility, by contract or actual practice[,] for safety and health conditions at the worksite, is a 'controlling employer' subject to citation for violation of a safety order. The regulation does not include the word . . . 'reasonably' nor does it contain any adjective defining the standard expected of the controlling employer in detecting or correcting hazardous conditions.

"The Board fails to see how Employer's use of a due diligence standard ensures as safe a workplace under the Act as the Division's interpretation. Employer's interpretation would frustrate the affirmative duties of an employer under the Act. An employer could potentially escape liability by pleading it did not have knowledge of information available to it at the time the violation was discovered. Under this scenario, Employer's interpretation would bring about a defense which is deferential [*sic*: detrimental?] to the obligation mandated by the safety orders including the contractual safety responsibilities assigned to Employer.

"Since the Act is aimed at promoting a safe working environment for all employees by holding the controlling employer liable for detecting work site violations, we decline to interpret the regulation in a way that contravenes the purposes of the Act.

"Based on these findings, the Division does not need to establish that Employer knew of the violation or, in exercising reasonable diligence, could have known of the section 1541.1(a)(1) violation in order for Employer to be liable as a controlling employer under section 336.10." (Fns. omitted.)

The Board affirmed the ALJ's decision finding a general violation of title 8, section 1541.1, subdivision (a)(1) and assessing a civil penalty of $205.

---

[15] Overaa interprets this sentence as a holding that employers are strictly liable. We disagree.

Overaa filed in the trial court a petition for a writ of administrative mandamus. After consideration of briefs, declarations, and oral argument, the trial court initially indicated it would remand to the Board to clarify whether the Board decided the affirmative defense of due diligence. Thereafter, the court reexamined the Board's decision and concluded the Board's decision did not contain any determination precluding Overaa from raising an affirmative defense to a citation holding Overaa responsible as a controlling employer for a safety order violation. Therefore, concluded the trial court, remand was not necessary.

On October 19, 2005, judgment was entered, denying Overaa's petition for writ of mandate. The judgment said substantial evidence supported the Board decision, and the Board acted within its authority and discretion. The judgment further stated: (1) the Board reasonably determined the Division did not have to demonstrate Overaa's lack of knowledge of the violation or lack of due diligence in discovering the violation in order to make a prima facie case; (2) the Board did not determine and had no occasion to determine whether diligence could be asserted as an affirmative defense, because Overaa did not properly raise it at the administrative level; (3) although the Board's decision was ambiguously worded in places, in context it merely addressed the Division's prima facie showing, not any affirmative defense; and (4) had Overaa raised the defense, it would have failed in light of the evidence in the administrative record establishing that Overaa should have known of the violation in the exercise of due diligence.

Overaa appeals from the judgment.

## DISCUSSION

### I. *Standard of Review*

" 'Our function on appeal is the same as that of the trial court in ruling on the petition for the writ. We must determine whether based on the entire record the Board's decision is supported by substantial evidence and whether it is reasonable. [Citations.] Where the decision involves the interpretation and application of existing regulations, we must determine whether the administrative agency applied the proper legal standard. [Citation.] Since the interpretation of a regulation is a question of law, while the administrative agency's interpretation is entitled to great weight, the ultimate resolution of the legal question rests with the courts. . . . An agency's expertise with regard

to a statute or regulation it is charged with enforcing entitles its interpretation of the statute or regulation to be given great weight unless it is clearly erroneous or unauthorized. [Citations.] The Board is one of those agencies whose expertise we must respect. [Citation.]' [Citation.] However, '[a]n administrative agency cannot alter or enlarge the legislation, and an erroneous administrative construction does not govern the court's interpretation of the statute.' [Citation.]" (*Rick's Electric, Inc. v. Occupational Safety & Health Appeals Bd.* (2000) 80 Cal.App.4th 1023, 1033–1034 [95 Cal.Rptr.2d 847].)

Section 6629 provides:

"The review by the court shall not be extended further than to determine, based upon the entire record which shall be certified by the appeals board, whether:

"(a) The appeals board acted without or in excess of its powers.

"(b) The order or decision was procured by fraud.

"(c) The order or decision was unreasonable.

"(d) The order or decision was not supported by substantial evidence.

"(e) If findings of fact are made, such findings of fact support the order or decision under review.

"Nothing in this section shall permit the court to hold a trial de novo, to take evidence, or to exercise its independent judgment on the evidence." (§ 6629.)

Section 6630 provides: "The findings and conclusions of the appeals board on questions of fact are conclusive and final and are not subject to review. Such questions of fact shall include ultimate facts and the findings and conclusions of the appeals board. . . . Upon the hearing, the court shall enter judgment either affirming or annulling the order or decision, or the court may remand the case for further proceedings before the appeals board."

Section 6632 provides: "No court of this state, except the Supreme Court, the courts of appeal, and the superior court to the extent herein specified, has jurisdiction to review, reverse, correct, or annul any order or rule, or decision of the appeals board, or to suspend or delay the operation or execution thereof, or to restrain, enjoin, or interfere with the appeals board in the performance of its duties." (§ 6632.)

## II. *No Legal Error in Board's Decision*

Overaa claims the issue on appeal is whether a general contractor, as a controlling employer, can be cited under Cal/OSHA for a general violation which was not created by and did not affect employees of the general contractor, regardless of and notwithstanding the general contractor's exercise of due diligence. Overaa claims the Board so held in this case, overturning its own past precedents,[16] and such a holding imposes strict liability on general contractors.

As we discuss *post*, the administrative record in this case clearly shows a *lack* of due diligence by Overaa. But setting that point aside for the moment, we shall explain that Overaa misstates the issue and reads too much into the Board's decision.

The only issue before the Board, hence the only issue decided by the Board, was whether the Division had the burden to prove lack of reasonable diligence by Overaa as an essential element of the Division's prima facie case in order to establish a general violation of Cal/OSHA.

■ The Board correctly decided the Division did not have to prove lack of reasonable diligence by Overaa. When the Division alleges a "serious" violation (as it initially did in this case), section 6432 (fn. 9, *ante*) authorizes the employer to assert reasonable diligence as an affirmative defense. Thus, section 6432, subdivision (b), states that "a serious violation shall not be deemed to exist if the employer can demonstrate that it did not, and could not with the exercise of reasonable diligence, know of the presence of the violation." (§ 6632, subd. (b).)[17]

There would be no need for section 6432's statutory authorization (for employers to assert diligence as an affirmative defense) if lack of diligence were an element of the Division's prima facie case.

---

[16] Overaa does not show how the Board's decision overturns its past precedents. Overaa says that, before legislative adoption of the current multiemployer policy in the Labor Code, the Board consistently held citations were to be issued only to those employers whose own employees were exposed to an unsafe condition. Thus, the Board decision at issue here does not overturn past precedents but merely applies current law. Overaa also says the Board has historically declined to impose strict liability on employers. However, the Board decision at issue here does not impose strict liability.

[17] Before a 1999 legislative amendment, the former version of section 6432 stated a serious violation shall be deemed to exist if there is a substantial probability that death or serious physical harm could result "unless the employer did not, and could not with the exercise of reasonable diligence, know of the presence of the violation." (Stats. 1990, ch. 1384, § 2, p. 6338; see Stats. 1999, ch. 615, § 10.) We had no need to determine who had the burden under the former statute. It is now clearly on the employer.

No parallel provision addresses employer diligence in the context of a *general* (as opposed to serious) violation. Overaa offers no reason as to why the Division should have a heavier burden in proving a general violation than it has in proving a serious violation. This case does not require us to decide whether diligence would constitute an affirmative defense to a general violation, because Overaa did not adequately raise the issue, Overaa had opportunity to produce evidence of diligence as a defense to being cited for a serious violation, and the evidence here clearly shows an absence of diligence, as we discuss *post*.[18]

Overaa notes section 6400 (fn. 8, *ante*) expressly states its codification of the Cal/OSHA regulation identifying citable employers (including controlling employer) is declaratory of existing law and should not be interpreted as changing the law. Overaa argues the 1999 legislation was not intended to abrogate the former policy, retained in the current legislation, that employers shall use practices "reasonably adequate" to make the workplace safe and do everything "reasonably necessary to protect the life, safety, and health of employees." (§ 6401.) Section 6403 similarly states no employer shall fail or neglect to do everything "reasonably necessary" for employee safety. We have said, "[t]hese general statutes do not require an employer to take all conceivable steps to ensure safety, nor forbid an employer from adopting practices or methods which might conceivably result in harm to an employee. Particularly given the employment at issue herein [prison workers], no guaranty of safety is possible." (*California Correctional Supervisors Organization, Inc. v. Department of Corrections* (2002) 96 Cal.App.4th 824, 831 [117 Cal.Rptr.2d 585] [employee organization challenging employer's staffing practices failed to prove abuse of discretion].)

However, none of the authorities cited by Overaa compels the conclusion that the Division has the burden of proving an employer's lack of reasonable diligence.

Assuming for the sake of argument that the *federal* Occupational Safety and Health Act of 1970 (29 U.S.C. § 651 et seq.) would place the burden on federal enforcement agencies to show an employer's lack of diligence, California is not precluded from establishing more stringent standards for Cal/OSHA. (*United Air Lines, Inc. v. Occupational Safety & Health Appeals Bd.* (1982) 32 Cal.3d 762, 772–773 [187 Cal.Rptr. 387, 654 P.2d 157].)

---

[18] We note, however, a prior Board decision (*In re Strauss Construction Co., Inc.* (Sept. 28, 1982) Nos. 81-R4D1-683, 684, 1982 Cal. OSHA App. Bd. Lexis 79) rejected an employer's argument that its lack of knowledge should excuse a general violation (under prior law making the employer responsible if its employees were exposed to a hazard created by a third party). *Strauss* recognized the availability of certain defenses to the employer but concluded the employer failed to establish them.

Overaa complains the Board should explain why the federal standard should not be followed. The reason is that the California statutes do not support the position advanced by Overaa.

As indicated, Overaa did not assert reasonable diligence at the administrative hearing before the ALJ, though it had every opportunity and incentive to do so (because the citation was for a serious violation). By the time the case got to the Board, the ALJ reduced the severity from "serious" to a "general" violation. No statute makes reasonable diligence an essential element or an affirmative defense to a general violation. It would be illogical to conclude that the Division must prove the employer's lack of diligence regarding a general violation, even though the Division has no such burden for a serious violation.

Overaa claims the Board imposed a strict liability standard by saying that title 8, section 336.10 (fn. 7, *ante*) should be strictly construed and is not conditioned upon a controlling employer's knowledge of the violative condition. However, title 8, section 336.10 merely identifies the types of employers who can be cited. The regulation does not operate in a vacuum but rather within the framework of the other relevant Cal/OSHA regulations and statutes. Thus, the fact that title 8, section 336.10 is not conditioned on the employer's knowledge does not mean that controlling employers are strictly liable.

We recognize that portions of the Board's decision suggest the Board viewed the employer's reasonable diligence as immaterial to a general violation even if raised as an affirmative defense. Thus, the Board said: "The Board fails to see how Employer's use of a due diligence standard ensures as safe a workplace under the Act as the Division's interpretation. Employer's interpretation would frustrate the affirmative duties of an employer under the Act. An employer could potentially escape liability by *pleading* it did not have knowledge of information available to it at the time the violation was discovered. Under this scenario, Employer's interpretation would bring about a *defense* which is deferential [*sic*: detrimental] to the obligation mandated by the safety orders including the contractual safety responsibilities assigned to Employer. [¶] Since the Act is aimed at promoting a safe working environment for all employees by holding the controlling employer liable for detecting work site violations, we decline to interpret the regulation in a way that contravenes the purposes of the Act. [Fn. omitted.]"

However, the Board continued: "Based on these findings, the Division does not need to establish that Employer knew of the violation or, in exercising reasonable diligence, could have known of the section 1541.1(a)(1) violation in order for Employer to be liable as a controlling employer under section 336.10."

The question of reasonable diligence as an affirmative defense rather than an essential element of the Division's prima facie case was not in issue before the Board. Therefore, any comments suggestive of affirmative defense were unnecessary to the decision.

Since Overaa did not assert diligence as a defense in this case, we need not decide whether an employer's reasonable diligence constitutes an affirmative defense to a general violation of Cal/OSHA.[19]

Overaa and its amici curiae argue that subsequent Board decisions cite this precedential *Overaa* Board decision as broad authority for the proposition that the controlling employer's reasonable diligence is immaterial. However, no other case is before us in this appeal. Moreover, as the parties acknowledge, one of the cited Cal/OSHA cases is currently being litigated in court, and another was an ALJ decision for which the Board ordered reconsideration.

In a footnote, Overaa suggests an irregularity in the membership of the Board when it heard this case. We disregard this point, made perfunctorily in a footnote without development. (*Placer Ranch Partners v. County of Placer* (2001) 91 Cal.App.4th 1336, 1343, fn. 9 [111 Cal.Rptr.2d 577].)

Our conclusions (that Overaa failed to assert diligence at the administrative level and overstates the Board's decision) render it unnecessary for us to address Overaa's arguments that the Board improperly imposes a strict liability standard on general contractors, which is contrary to the legislative intent and could result in a less safe workplace.

We conclude Overaa fails to show any error regarding any question of law.

### III. *Substantial Evidence*

Even though the Division was not required to prove lack of diligence and Overaa failed to raise diligence as a defense, Overaa in the "CONCLUSION" of its appellate brief asks this court either to find that Overaa acted with due diligence or to remand for additional factfinding by the Board. Even if we were to entertain an argument improperly presented in the conclusion of a brief (Cal. Rules of Court, rule 8.204), Overaa's argument clearly lacks merit.

First, we observe the administrative record shows a lack of reasonable diligence by Overaa. The evidence at the administrative hearing showed Burke was aware of the excavation but did not measure it when work started

---

[19] The Division's brief in this court states: "The Division has never taken the position, and does not now take the position, that the exercise of due diligence by an employer cannot potentially constitute a defense."

on February 13, 2001, despite rainy weather, which obviously could affect the depth by loosening soil at the bottom of the trench. Burke apparently never measured the depth with a measuring device. Instead, he merely estimated its depth (prior to the day of the Cal/OSHA inspection).

On appeal, Overaa does not dispute that the depth of the excavation was five feet six inches. Nor could Overaa legitimately do so, since substantial evidence supports this finding by the ALJ, and the ALJ's finding is conclusive (§ 6630).

Burke's failure to measure the depth with a measuring device demonstrates a lack of due diligence, particularly since the depth was close to the five-foot cutoff imposed by title 8, section 1541.1. The regulation *requires* a protective system for excavations five feet or deeper, but gives the employer *discretion* as to whether a protective system is needed for excavations that are less than five feet deep.

That the subcontractor (Cra-Tek) also believed the excavation was less than five feet does not help Overaa. Holderby testified he measured from the *bottom* of the concrete slab. The ALJ noted it has been established since at least 1986 by Board precedential decision that excavations are to be measured from the top of the surface to the bottom of the excavation. Moreover, Overaa could not reasonably rely on Cra-Tek's measurement, because the evidence showed Burke and Holderby frequently "butted heads" over safety issues.

Overaa argues in a footnote in the conclusion of its brief:

"Overaa Construction submits that the substantial evidence in this case establishes that Mr. Burke had addressed the need for protection of excavations with Cra-Tek Company's general foreman on more than one occasion, that neither Mr. Burke nor Mr. Holderby, both of whom were experienced in such work and both of whom observed the excavation in question on a daily basis, concluded that particular excavation was in need of protection.

"Overaa Construction contends that the opinion of its project superintendent, Mr. Burke (as well as the similar opinion of Mr. Holderby), regarding the depth of the excavation in question is entitled to consideration. The fact that the [ALJ] concluded the depth of the trench was[] as stated by the Division's inspector, does not alter the fact Mr. Burke and Mr. Holderby had both repeatedly viewed the excavation in question on multiple occasions and considered it to be less than 5 feet in depth and, therefore, not in need of

protective devices. As such, neither individual requested corrective measures due to their belief the excavation required no such measures.[20]

"Overaa Construction contends the actions and opinions of Mr. Burke, even if considered to be incorrect, were reasonable; that Mr. Burke exercised reasonable care in his evaluation of the excavation condition; that he acted 'as might reasonably be expected of a person of ordinary prudence who desired to obey the law.' [Citation.]"

This argument is improperly presented in the "conclusion" of the appellate brief (Cal. Rules of Court, rule 8.204), ignores the limited scope of judicial review (§§ 6629–6630), and ignores the above described evidence favorable to the Board's decision (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 [92 Cal.Rptr. 162, 479 P.2d 362] [substantial evidence review is forfeited if appellant fails to cite evidence favorable to the judgment]).

Moreover, Overaa's argument is not persuasive. Depth is not a matter of opinion. Overaa's suggestion that it could rely on the measurement taken by the subcontractor suffers from several additional defects, e.g., there is no evidence that Burke relied upon Holderby's measurement, nor is there evidence such reliance would be reasonable. To the contrary, any such reliance would be unreasonable because Holderby testified that, throughout the course of the project, he and Burke had "butted heads" numerous times over Cal/OSHA requirements.

Overaa alternatively argues we should remand to the Board for further factfinding. However, Overaa is not entitled to a second chance after failing to avail itself of the opportunity to assert diligence as a defense to being cited for a "serious" violation (§ 6432).

Overaa's reply brief argues that, because the Board excluded the existence of such a defense, there is no basis for any conclusion whether the evidence in this record would or would not support such a defense. However, as we have explained, Overaa overstates the Board's holding, and Overaa had the opportunity to put on any evidence it had of reasonable diligence, which would have been a statutory defense to the serious violation with which Overaa was charged.

Substantial evidence supports the judgment.

[20] We note the mere fact that an excavation is less than five feet deep does not automatically mean no protection is needed. Title 8, section 1541.1 requires the competent person to assess and make a discretionary decision as to whether protection is needed for excavations less than five feet deep.

## DISPOSITION

The judgment is affirmed. The Occupational Safety and Health Appeals Board and the Department of Industrial Relations, Division of Occupational Safety and Health shall recover their costs on appeal. (Cal. Rules of Court, rule 8.276(a)(1)–(2).)

Davis, J., and Raye, J., concurred.