Filed 6/17/14  Washington v. Sacramento County Employee Ret. Syst. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| BOBBIE WASHINGTON,<br><br>        Plaintiff and Appellant,<br><br>    v.<br><br>SACRAMENTO COUNTY EMPLOYEE RETIREMENT SYSTEM,<br><br>        Defendant and Respondent. | C074182<br><br>(Super. Ct. No. 34-2013-80001365-CU-WM-GDS) |

Plaintiff Bobbie Washington challenges a judgment denying her mandamus petition to set aside a decision by defendant Sacramento County Employee Retirement System (SCERS), which denied her requests to rescind her 1986 election to withdraw her benefits from the system and to grant her a disability retirement.  She suggests that she was ignorant of her rights or perhaps even incompetent or incapacitated when she made her 1986 election.  She appears to add that SCERS denied her due process.

1

Beyond these bare basics of her claims, we are unable to decipher her arguments, let alone determine the facts and authority on which her apparent arguments are based. Because we find the opening and reply briefs, prepared by appellate counsel, are unintelligible and otherwise in violation of settled appellate rules, we deem any and all points raised to be forfeited. Accordingly, we do not reach the merits of Washington's purported attacks on the judgment.

## BACKGROUND

In October 1986, after the County of Sacramento (County) terminated her, Washington sent SCERS two signed forms. In one, she asked for a refund of her retirement contributions with interest, affirming: "I understand that by so doing I waive all future claim to any prior service rights due me except those that may be reinstated under the provisions of the County Employees' Retirement Law of 1937." In the other, she affirmed "my rights under [the 1937 law] have been thoroughly explained to me."

Washington appealed her termination. After she received a notice of proposed termination, she filed a February 1987 application for disability retirement. A prompt letter from SCERS advised that her that her application was incomplete due to a lack of medical information, which SCERS advised her to supply as soon as possible; SCERS also advised her to consider seeking counsel. SCERS received no reply. After the County Civil Service Commission--no longer a party herein--upheld her termination, SCERS refunded Washington's contributions and interest in, as she requested, March 1987.

In 1992, Washington wrote to SCERS, claiming she had been ill and could not remember what had happened. SCERS promptly sent her documentation of what happened. Washington repeatedly contacted SCERS, claiming it should revive her disability retirement application and mental incapacity prevented her from understanding the forms she signed.

2

Ultimately, she was advised by SCERS to file a formal request, which she did, claiming she had been mentally and physically incapable of performing her job duties and had not "knowingly" withdrawn her SCERS contributions (together with other assertions not now relevant). Washington submitted medical records from Dr. John Summers indicating that in 1986 she had suffered from anxiety, "nervous disorder," and "alcoholism," and he had recommended disability retirement. Apparently, some information from Dr. Summers about her need for limited work hours had been given to the *County* in connection with her civil service appeal, but Washington did not reply to *SCERS's* 1987 request for medical information.

In October 2012, SCERS denied her appeal on the ground that she was no longer a SCERS member. In January 2013 Washington filed the instant mandamus petition, seeking to overturn SCERS's decision. The trial court denied the petition, giving thorough written reasons. Washington timely filed this appeal.

## DISCUSSION

Washington's appellate counsel has filed briefs that fail to provide an intelligible statement of the case and facts, fail to describe the posture of the appeal, fail to make coherent arguments supported by pertinent authorities, and leave the reader mystified about what is disputed, except for the general point that Washington believes she is entitled to relief because she was unrepresented by counsel and did not know what she was doing when she withdrew her contributions from SCERS in 1987.

Settled appellate rules call for clear argument headings, citations to the record to support factual assertions, and coherent analysis of legal principles with citations to relevant authority. (See *In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

First, counsel has forfeited any factual claims by painting the facts, to the extent any facts can be understood, in the light most favorable to Washington, instead of in support of the judgment, as required by settled appellate rules. (See *Foreman & Clark*

3

*Corp. v. Fallon* (1971) 3 Cal.3d 875, 881; *Overaa Construction v. California Occupational Safety & Health Appeals Bd.* (2007) 147 Cal.App.4th 235, 251.)

Second, although a few record citations are provided, there is no coherent statement of what facts were presented to SCERS in 1986 or 2012, what contrary facts were presented by SCERS, or how the trial court resolved any factual disputes in its detailed written ruling. The failure to provide adequate record citations to explain the factual and procedural posture of the case results in forfeiture of appellate claims. (See *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239 & fn. 16; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)

Third, Washington's briefs fail to properly head her legal points and support them with coherent argument and references to pertinent authority, also resulting in forfeiture. (See *Loranger v. Jones* (2010) 184 Cal.App.4th 847, 858, fn. 9; *Atchley v. City of Fresno* (1984) 151 Cal.App.3d 635, 647.)

In this case, "[i]nstead of a fair and sincere effort to show that the trial court was wrong, appellant's brief is a mere challenge to respondents to prove that the court was right. And it is an attempt to place upon the court the burden of discovering without assistance from appellant any weakness in the arguments of the respondents. An appellant is not permitted to evade or shift his [or her] responsibility in this manner." (*Estate of Palmer* (1956) 145 Cal.App.2d 428, 431; see *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 102.)

Although SCERS has heroically attempted to rise to the challenge, for the reasons we describe *ante,* we find Washington's claims forfeited, and decline to reach the merits.

## DISPOSITION

The judgment denying the mandamus petition is affirmed.  Washington shall pay SCERS's costs of this appeal.  (See Cal. Rules of Court, rule 8.278.)


                                    _____DUARTE_____, J.


We concur:



_____BLEASE_____, Acting P. J.



_____MURRAY_____, J.